UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. <u>17-20144-CR-ALTONAGA</u>

UNITED STATES OF AMERICA

vs.

**EDISON WASHINGTON PRADO ALAVA,**

    **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **EDISON WASHINGTON PRADO ALAVA** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiring with others to distribute more than five (5) kilograms of cocaine, knowing that it was to be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2); all in violation of Title 21, United States Code, Section 963.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory



sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of up to life, followed by a minimum term of supervised release of five (5) years and up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's



background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.



7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a). <u>Quantity of drugs</u>: That the quantity of controlled substance, cocaine, involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines is at least 450 kilograms.

(b). <u>Aggravating Role</u>: That pursuant to Section 3B1.1(b) of the Sentencing Guidelines, the defendant was an organizer, leader, or manager, or supervisor of the criminal activity described in Count 1 of the Indictment.

8. The parties agree that neither this Office nor the defendant will request a departure from the guideline imprisonment range or seek a variance pursuant to 18 U.S.C. § 3553(a).

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.



10.     The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c)   if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

11.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.   The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's

cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office.   In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13.     The defendant agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the conspiracy to distribute more than five (5) kilograms of cocaine knowing that it was unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963 and charged in Count 1 of the Indictment.   The property subject to forfeiture includes, but is not limited to, the total amount of proceeds obtained, directly or indirectly, as a result of the charged conspiracy, which is at least $5 million in U.S. currency and which may be sought as a forfeiture money judgment against the defendant.   The defendant agrees to consent to the entry of orders of forfeiture for such property.   The defendant admits and agrees that the conduct described in the Indictment and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the Government.

14.     The defendant agrees to fully cooperate with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities.   The defendant's



assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant agrees that the United States shall, at its discretion, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment. The defendant agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to at least $3 million in U.S. currency to the United States at least one week before the defendant's sentencing. The defendant agrees to liquidate assets, or complete any other tasks, which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Government. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until his forfeiture money judgment is paid in full.

15. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture. The defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.



16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

17. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under



federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

18.     This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 7-23-18                By: _____
                             ROBERT J. EMERY
                             ASSISTANT UNITED STATES ATTORNEY

Date: 7-23-18                By: _____
                             RICHARD J. DIAZ
                             ATTORNEY FOR DEFENDANT

Date: 7-23-18                By: Edison Washington prado alava
                             EDISON WASHINGTON PRADO ALAVA
                             DEFENDANT