UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20144-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
**vs.**

**EDISON WASHINGTON PRADO ALAVA**,

    Defendant.
_____/

## ORDER OF FORFEITURE

THIS CAUSE is before the Court upon the United States of America's Motion for Order of Forfeiture, and Memorandum of Law in Support Thereof [ECF No. 30] for a forfeiture money judgment in the sum of $5 million in U.S. currency, pursuant to 21 U.S.C. §§ 853 and 970, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Based on the United States' Motion for Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

    1.    On February 28, 2017, a federal grand jury indicted Defendant Edison Washington Prado Alava and others, charging Defendant with conspiracy to distribute more than five kilograms of cocaine, knowing they were to be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a)(2) and 963. (*See* Indictment, [ECF No. 3]). The Indictment also included forfeiture allegations, which alleged that upon conviction of the charged violation, the Defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. (*Id*. at 2-3).

    2.    On or about July 23, 2018, pursuant to a written Plea Agreement, the Defendant

CASE NO. 17-20144-CR-ALTONAGA

pleaded guilty to conspiracy to distribute more than five kilograms of cocaine, knowing that it was to be unlawfully imported into the United States, as charged in the Indictment. (*See* Minute Entry [ECF No. 24]; Plea Agreement ¶ 1, at 1 [ECF No. 25]). As set forth in the Stipulated Factual Proffer, from at least as early as in or about December 2015 until at least February 2017, the Defendant and his co-conspirators shipped multiple hundred-kilogram loads of cocaine from Colombia and Ecuador to countries in Central America for importation into the United States. (*See* Factual Proffer 1 [ECF No. 26]). The Defendant was responsible for the shipment or attempted shipment of at least 5,000 kilograms of cocaine, which had a street value in Central America of approximately $9,000 in U.S. currency per kilogram. (*See id.* at 2).

3. In his Plea Agreement, the Defendant agreed to the following provisions related to forfeiture:

> 13. The defendant agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the conspiracy to distribute more than five (5) kilograms of cocaine knowing that it was unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963 and charged in Count 1 of the Indictment. **The property subject to forfeiture includes, but is not limited to, the total amount of proceeds obtained, directly or indirectly, as a result of the charged conspiracy, which is at least $5 million in U.S. currency and which may be sought as a forfeiture money judgment against the defendant**. **The defendant agrees to consent to the entry of orders of forfeiture for such property.** The defendant admits and agrees that the conduct described in the Indictment and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the Government.
>
> 14. The defendant agrees to fully cooperate with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. The defendant's assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and

CASE NO. 17-20144-CR-ALTONAGA

marketable title to such property.  The defendant agrees that the United States shall, at its discretion, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment.  The defendant agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied.  The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to at least $3 million in U.S. currency to the United States at least one week before the defendant's sentencing.  The defendant agrees to liquidate assets, or complete any other tasks, which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Government.  The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until his forfeiture money judgment is paid in full.

15. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.  The defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

(Plea Agreement ¶¶ 13-15 (bold emphasis added)).

4. Based on the Defendant's guilty plea, Plea Agreement, and Stipulated Factual Proffer, and pursuant to 21 U.S.C. §§ 853 and 970, at least $5 million in U.S. currency is the total amount of proceeds obtained, directly or indirectly, as a result of his conspiracy in violation of 21 U.S.C. §§ 959(a)(2) and 963, as charged in the Indictment.  Pursuant to Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.  (*See* Fed. R. Crim. P. 32.2(b)(2)(A)).

**THEREFORE**, the United States' Motion for Order of Forfeiture [ECF No. 30] is **GRANTED**, and it is hereby **ORDERED** that:

1. A forfeiture money judgment in the amount of $5 million in U.S. currency is hereby entered against Defendant Edison Washington Prado Alava;

2. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no

3

CASE NO. 17-20144-CR-ALTONAGA

ancillary proceeding is required as the requested forfeiture consists of only a money judgment;

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Edison Washington Prado Alava and shall be made part of the sentence of the Court and is hereby incorporated in the judgment and commitment order issued in this case;

4.  The United States is authorized, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of forfeitable property; and

5.  The Court retains jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this 10th day of August, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)