UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CR. 20144 ALTONAGA/O'SULLIVAN

UNITED STATES OF AMERICA

V.

EDISON WASHINGTON PRADA ALAVA
_____/

**DEFENDANT'S SENTENCING POSITION**

**INTRODUCTION**

Defendant Edison Washington Prado Alavo is pending sentencing before this Court on December 17, 2018, after having entered a guilty plea to Count One of the Indictment in this case, which charges him with Conspiracy to Distribute Five Kilograms of Cocaine, Knowing or Intending That it Would Be Unlawfully Imported Into the United States, in violation of 21 United States Code Sections 959, 963. The written plea agreement entered into between the parties calculates the defendant's Adjusted Sentencing Guideline as Level 38, which corresponds to 235-293 months. In the plea agreement, the Government promised to recommend a sentence at the low end of the guidelines range and the parties agreed that neither side would request a "departure from the guideline imprisonment range or seek a variance" pursuant to 18 U.S.C. Section 3553(a).

To be clear, this sentencing submission is not a request – directly, indirectly, or otherwise - for either a departure or a variance, because that would constitute a breach of the plea agreement. Rather, the defense believes it is prudent to include this memorandum in the record

of this case prior to sentencing, particularly since the 3553(a) factors have only limited applicability to post sentencing motions to reduce. See, e.g., United States v. Martin, 455 F.3d 1227, 1235-36 (11th Cir. 2006).

## SUMMARY BACKGROUND

The defendant is a thirty-six year old Ecuadorian national, who was arrested in Colombia, South America on May 13, 2017. After the defendant obtained U.S. defense counsel and was made fully aware of the complexities of the American legal system, he ended his objections to extradition. He arrived in Miami on February 24, 2018 and pled guilty to the instant offense the following September pursuant to a cooperation plea agreement.

The defendant was raised in what can only be described as impoverished circumstances in Manta, Ecuador. He had virtually no contact with his father and was the victim of excessive corporal punishment from his mother. As a result, he essentially raised himself "on the streets." The defendant's common law wife is currently in custody in Ecuador for what the defendant believes is a politically motivated prosecution. More importantly, his two very young children are being raised by their paternal grandmother, rather than their own mother.

As is almost always the case in international criminal prosecutions before this Court, the defendant became involved in drug trafficking for financial benefit; his work history as a fisherman, combined with Ecuador's geographic location, led him to his involvement with the transportation of cocaine on the high seas. The details of his involvement, his role in the charged offense, and the relevant criminal conduct are fairly summarized in the Plea agreement and Statement of Facts in this case.

The pending sentencing of this case will hopefully not be the end of this matter for the defendant, who hopes that pursuant to his plea agreement, he will be in a position to provide

substantial assistance to the Government and return to this Court for a reduction based upon that cooperation.

<strong><u>LEGAL OVERVIEW</u></strong>

**<u>Federal Sentencing Guidelines</u>**

In <u>United States v. Booker</u>, 542 U.S. 220 (2005), the Supreme Court ruled that the federal sentencing guidelines were no longer mandatory, but merely advisory upon the district courts. Federal district court judges are no longer reduced to the status of automatons, simply calculating a guideline sentence and then being required to impose it. Rather, the current regime is premised on flexible sentencing, after consideration of both the guidelines and the defendant's individualized personal circumstances.

Thus, while a sentencing court will generally begin its analysis with reference to the relevant guideline range, it should entertain arguments from the parties as to whether a non-guidelines sentence is appropriate. <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007). In making this decision, the trial court should generally consider the other sentencing factors set forth in 18 U.S.C. Section 3553(a). <u>Kimbrough v. United States</u>, 552 U.S. 85, 109 (2007). The district courts have discretion to impose a non-guideline sentence based upon their assessment of each individual case. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 47-48 (2007)(abuse of discretion standard applies to review of sentence outside guideline range and there is no mathematical test for reasonableness of sentence).

With these admonitions in mind, this memorandum analyzes the guideline sentence and the other relevant sentencing factors as they apply to this case.

**Presentence Report Adjusted Guideline Calculation**

In this case, the parties compute the defendant's guideline calculation as follows:

| | |
|---|---|
| Base Offense Level (450 kgs of more of cocaine) | 38 |
| Leadership Role | +3 |
| Downward Adjustment Acceptance of Responsibility | -2 |
| Early Entry of Plea | -1 |
| Adjusted Total Offense Level | 38 (235-293 months) [1] |

The next section of this memorandum summarizes the application of the factors set forth in the federal sentencing statute to this case.

### FEDERAL SENTENCING FACTORS

Under the federal sentencing statute, 18 United States Code Section 3553(a), the factors to be considered in the imposition of sentencing include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentencing to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment; (3) specific and general deterrence; (4) the need to provide the defendant with training, medical care, or treatment; available sentencing alternatives; (5) consistency in sentencing among similarly-situated defendants; and (6) the need to provide restitution. See 18 U.S.C. § 3553(a). The defendant understands that this Court will carefully consider these factors at the sentencing because they will not be relevant as a basis for a downward sentence reduction in the event that the Government were to file a Rule 35 motion. See, e.g., United States v. Manella, 86 F.3d 201,

---

[1] The defense objected to the Presentence Report conclusion that the defendant should receive a four point upward adjustment for leadership. See PSR at paras. 21 and 29. The defense incorporates those objections into this Sentencing Memorandum and notes that the Government – which is in the best position to assess leadership – agreed to only a three-level enhancement. That agreement is consistent with caselaw from this jurisdiction. See United States v. Ramirez, 426 F.3d 1344, 1356 (11th Cir. 2005).

204 (11th Cir. 1996).

**Defendant's Personal Characteristics**

Defendant Edison Washington Prado Alavo is thirty-six years old and as the result of the agreed upon guideline range sentence in this case, will be in his mid-50's when eligible for release (absent a future sentence reduction). [2] The defendant is in constant pain from a very serious car accident in 2016. As set forth in the Presentence Report

> He sustained major back injuries and was treated at a hospital for two months. He fractured several vertebrae, and required back surgery involving the removal of a layer of his spinal cord and the insertion of bolts and metal plates. Additionally, he had to undergo physical therapy and was unable to walk for approximately eight months. The defendant's attorney provided medical records  . . . which corroborate this information.

Edison admitted his guilt in this case, entered an early guilty plea, and as noted in the Presentence Report, took responsibility for his criminal conduct and expressed remorse for its consequences. As the Court can well imagine, he wants nothing more than to complete his sentence in this case, return to Ecuador to care for his family and loved ones, and never engage in future criminal behavior. [3]

**Seriousness of the Offense/Promote Respect for the Law/Appropriate Punishment**

There is no doubt that the crime for which the defendant admitted his guilt is a serious matter. The parties agree that his role in the case was to transport cocaine from Ecuador to Guatemala, for ultimate importation into the United States.

The Court's responsibility is to fashion a sentence that respect for the law and to reflect the seriousness of the offense is in some respects an existential quest. But as at least one district

---

[2] The United States Sentencing Guideline Commission has noted that there is a marked reduction in recidivism rates for defendants older than forty. See United States v. Carmona-Rodriguez, 2005 WL 840464 (S.D.N.Y) (district court noted that defendants "who were over the age of forty on the grounds that such defendants exhibit markedly lower rates of recidivism").

[3] The undersigned has provided letters that were received from members of the community, who know Mr. Prado Alavo, separately to the Court, to the US Probation Officer and the AUSA.

court judge has noted "it is not always necessary to incarcerate a defendant to promote such respect and demonstrate the seriousness of the crime." United States v. Smith, 2009 WL 24917 (N.D. Ohio). What promotes respect for the law is a fair sentence under the totality of the circumstances.

**Specific and General Deterrence/Prevent Future Crimes**

The factor of specific deterrence also supports the requested sentence. The defendant has been clear that he never intends to be involved in criminal activity again. Moreover, as the result of his incarceration in the United States, he has no ties to drug trafficking. The defendant's presence in this country is well known and has been the subject of numerous articles in the foreign press, which guarantees that he will forever be viewed by other drug traffickers as untrustworthy.

As to general deterrence, it is clear that the United States is aggressively prosecuting international drug trafficking from Ecuador and other South and Central American countries. Federal prosecutors in Miami and elsewhere have obtained the arrest and extradition of a very large number of international drug traffickers. No further general deterrence would be accomplished by additional punishment for this defendant. [4]

## CONCLUSION

The sentencing of any person is a complex task for the Court. Through the submission of this memorandum, the defense has tried to provide context to assist the Court in imposing a

---

[4] The remaining sentencing factors are: (3) the need for consistency in sentencing; (4) the need to provide the defendant with training, medical care, or treatment; available sentencing alternatives; and (6) the need to provide restitution. They do not appear to apply to the facts and circumstances of this case. The defense requests that this Court not impose an order of restitution because there is no definable group of victims. See 18 U.S.C. Section 3663(a). Similarly, the defense request that no fine be imposed. The Presentence Report correctly notes that the defendant has virtually no available assets to use for such payment.

sentence that satisfies that requirements of the law and our notions of justice.

>Respectfully submitted,
>
>/s/   David S. Weinstein
>David S. Weinstein, Esq.
>Florida Bar No. 749214
>Hinshaw & Culbertson, LLP
>2525 Ponce de Leon, Blvd, 4th Floor
>Coral Gables, Florida 33134
>Telephone:  (305) 428-5038
>Facsimile:  (305) 577-1063
>Email: Dweinstein@hinshawlaw.com
>
>/s/ Robert Feitel
>Robert Feitel, Esquire
>*Pro hac vice*
>The Law Office of Robert Feitel, P.L.L.C.
>3509 Connecticut Avenue, N.W.
>Washington, D.C.  20009
>202-285-8366 (cellular)
>202-450-6133 (office)
>RF@RFeitelLaw.com
>
>Attorneys for Edison Washington Prado Alava

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Unopposed Motion to Continue Sentencing Date was served via the Electronic Case filing System on December 13, 2018, on all counsel or parties of record on the service list.

>/s/   David S. Weinstein
>David S. Weinstein, Esq.